WILSON PETTY KOSMO & TURNER LLP
CLAUDETTE G. WILSON (110076)
KRISTA M. CABRERA (190595)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
**E-mail:** cwilson@wpkt.com
**E-mail:** kcabrera@wpkt.com

Attorneys for Defendant
TARGET CORPORATION

**FILED**

08 MAR 24 PM 4:27

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ CP          DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ETHAN MERIWETHER,

    Plaintiff,

v.

TARGET CORPORATION; KIRK BROTEN;
and DOES 1 through 10, inclusive,

    Defendants.

Case No. **'08 CV 0551 LAB RBB**

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(a)
(DIVERSITY)**

Complaint Filed: January 30, 2008

TO THE CLERK OF THE ABOVE ENTITLED COURT:

    PLEASE TAKE NOTICE that Defendant Target Corporation ("Target") hereby removes this action from the Superior Court of the State of California, County of San Diego, Central Division, to the United States District Court for the Southern District of California and sets forth in support of its Notice of Removal of Action the following:

    1.    On January 30, 2008, an action was commenced in the Superior Court of the State of California, County of San Diego, entitled *Ethan Meriwether v. Target Corporation; Krik Broten and Does 1 through 10, inclusive*, as Case No. 37-2008-00077087-CU-WT-CTL. A copy of this Complaint is attached hereto as Exhibit A.

    2.    Target sent the Summons and Complaint on February 1, 2008 by Notice and Acknowledgement of Receipt. Service was completed on February 21, 2008, when Target signed

-1-                                                                 Case No.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (DIVERSITY)

1  and returned the Notice and Acknowledgement of Receipt.  (Cal. Code Civ. Proc. § 415.30.)  A copy

2  of the Notice and Acknowledgement of Receipt is attached hereto as Exhibit B.

3      3.      Plaintiff's Complaint named individual defendant Kirk Broten ("Broten") in the cause

4  of action for FEHA aiding and abetting and the cause of action for FEHA retaliation, and alleged that

5  Broten resides in San Diego County.

6      4.      On March 3, 2008, the California Supreme Court case in *Jones v. The Lodge at Torrey

7  Pines Partnership,* (2008) 42 Cal.4th 1158 was published.  The *Jones* case held that an individual

8  cannot be held personally liable for retaliation under the FEHA.

9      5.      On March 18, 2008, Plaintiff provided to Target a stipulation and proposed Second

10  Amended Complaint ("SAC") which dismissed the individual defendant, Kirk Broten, from the case

11  based upon the *Jones* holding.  On March 18, 2008, the parties stipulated to allow Plaintiff to file the

12  SAC and on March 24, 2008, the Superior Court entered an order thereon, making the SAC the

13  operable complaint.  A copy of the SAC is attached hereto as Exhibit C.

14      6.      Target filed its Answer and Amended Answer to the SAC on March 24, 2008.  A true

15  and correct copy of Target's Amended Answer is attached hereto as Exhibit D.

16  **The Amount In Controversy Requirement Is Satisfied**

17      7.      Plaintiff claims lost wages, emotional distress, punitive damages, attorneys fees and

18  other associated losses and expenses resulting from his termination.  SAC, ¶ 17.  The amount in

19  controversy requirement is satisfied in that it is facially apparent from the SAC that "the matter in

20  controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C.

21  § 1332(a).

22  **Complete Diversity Exists**

23      8.      Target was, at the time of the filing of this action, and still is, a corporation duly

24  organized and existing under the laws of the State of Minnesota and has its principal place of

25  business in the State of Minnesota and was not and is not a citizen of the State of California.

26      9.      Plaintiff's SAC alleges that Plaintiff is, and at all relevant times was, a resident of,

27  and employed within, San Diego County.  SAC, ¶ 1.

28

1      10.    The Complaint also names Defendants Does 1 to 10.  Pursuant to 28 U.S.C. section

2  1441(a), the citizenship of these defendants is disregarded.

3      11.    This is a civil action over which this Court has original jurisdiction under the

4  provisions of 28 U.S.C. section 1332 and may be removed to this Court by the Defendant pursuant to

5  the provisions of 28 U.S.C. section 1441(a) because it is a civil action between citizens of different

6  states and the matter in controversy herein exceeds the sum or value of Seventy-Five Thousand

7  Dollars ($75,000.00), exclusive of interest and costs.

8                    **The Other Requirements For Removal Are Met**

9      12.    This Notice of Removal is being filed within thirty days after Target's first receipt of

10  papers confirming the removability.  In particular, this Notice of Removal is being filed within thirty

11  days after publication of the *Jones* case, which made clear that the individual defendant was not a

12  proper party to this lawsuit, thus creating diversity.  In an abundance of caution, this Notice of

13  Removal is also filed within thirty days of service of the original complaint.

14      13.    This Notice of Removal is being filed within one (1) year of the commencement of

15  this action and therefore is timely filed under 28 U.S.C. section 1446(b).

16      14.    Removal to this Court is proper as the Superior Court of the State of California,

17  County of San Diego, where this action was originally filed, is located within this district.

18      15.    Counsel for Defendants certifies that it will file a copy of this Notice of Removal with

19  the Clerk of the Superior Court of the State of California, County of San Diego, and give notice of

20  same to counsel for Plaintiff.

21

22  Dated:    March 24, 2008                    **WILSON PETTY KOSMO & TURNER LLP**

23

24                                    By:  _____

25                                    CLAUDETTE G. WILSON
                                      KRISTA M. CABRERA
26                                    Attorneys for Defendant
                                      TARGET CORPORATION

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (DIVERSITY)

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Target Corporation; Kirk Broten; and DOES 1 through 10, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Ethan Meriwether

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CIVIL BUSINESS OFFICE 16
CENTRAL DIVISION

08 JAN 30 PM 3: 37

CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court, Central Division
330 West Broadway
San Diego, CA 92101

CASE NUMBER
*(Número)* 37-2008-00077087-CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David A. Miller, Esq.
555 West Beech Street, Ste 413, San Diego, CA 92101

DATE:                     Clerk, by _____, Deputy
*(Fecha)*  JAN 3 0 2008     *(Secretaria)*  J. ARQUET     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

Ex. **A** Page **4**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David A. Miller, Esq. (#140805)<br>Law Office of David A. Miller<br>555 West Beech Street, Ste 413<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-238-8015    FAX NO.: 619-238-1447<br>ATTORNEY FOR *(Name):* Plaintiff Ethan Meriwether | FILED<br>CIVIL BUSINESS OFFICE 16<br>CENTRAL DIVISION<br><br>08 JAN 30 PM 3:37<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME:
Meriwether v. Target Corporation, et al.

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2008-00077087-CU-WT-CTL<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) |    condemnation (14) |    above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) |    types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 29, 2008

David A. Miller, Esq.
_____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.FormsWorkflow.com

Ex. A, Page 5

1  **LAW OFFICE OF DAVID A. MILLER**
   David A. Miller, Esq. #140805
2  555 West Beech Street, Suite 413
   San Diego, CA 92101
3  (619) 238-8015

4  Attorney for Plaintiff

FILED
CIVIL BUSINESS OFFICE 16
CENTRAL DIVISION

08 JAN 30 PH 3: 37

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY. CA

8  **SUPERIOR COURT OF CALIFORNIA**

9  **COUNTY OF SAN DIEGO**

11 ETHAN MERIWETHER,
                    Plaintiff,
12 V.

13 TARGET CORPORATION;
14 KIRK BROTEN;
   and DOES 1 through 10, inclusive,
15                   Defendants.

Case No. 37-2008-00077087-CU-WT-CTL

**COMPLAINT FOR DAMAGES**

1.  Violation of Government Code §12940; Disability Discrimination
2.  Violation of Government Code §12940; Retaliation
3.  Wrongful Termination in Violation of Public Policy
4.  Violation of Labor Code §132a; Retaliation
5.  Violation of Government Code §12940; Failure to Prevent
6.  Violation of Government Code §12940; Failure to Accommodate
7.  Violation of Government Code §12940; Failure to Engage in Interactive Process
8.  Violation of Government Code §12940; Aiding, Abetting, Inciting Discrimination

22      1.      Plaintiff, Ethan Merriweather, hereinafter referred to as "Meriwether " or "plaintiff",

23 is, and at all times relevant was, a resident of, and employed within, San Diego County and within the

24 jurisdiction of the court.   Plaintiff was employed by the defendant business entities named and sued

25 herein.

26      2.      Defendants, Target Corporation, hereinafter collectively referred to as "Target" or

27 "defendant", is, and at all times relevant was, a business organization believed to be a corporation

28 subject to the California Fair Employment & Housing Act, and conducting business within San Diego

1

Ex. A Page 4

Complaint For Damages

1  County, and was the employer of plaintiff.

2  3.  Defendant, Kick Broten, hereinafter referred to as "Broten" or "defendant", is, and at
3  all times relevant was the Human Resource Director and an employee of the defendant business entity
4  who supervised plaintiff and is residing within San Diego County.

5  4.  Plaintiff is unaware of the true names and capacities of Defendants sued herein as
6  DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff
7  will seek leave of this Court to amend this Complaint to allege the true names and capacities when
8  ascertained. Plaintiff is informed and believes and thereon alleges that each said fictitiously named
9  Defendant is responsible in some manner for the occurrences herein alleged, and is liable to Plaintiff
10 for the injuries and damages as herein alleged.

11 5.  Plaintiff is informed and believes and thereon alleges that the aforementioned DOES
12 are somehow responsible for the acts alleged herein as the agents, employers, representatives,
13 subsidiaries, parent organizations or employees of other named Defendants, and in doing the acts
14 alleged herein were acting within the scope of their agency, employment or representative capacity
15 of said named Defendants, or of each other.

16 6.  In the course of the acts and events described in this Complaint, the Defendants,
17 including DOE Defendants, agreed upon or ratified the acts which damaged Plaintiff.

18 7.  At the times mentioned in this Complaint, each of the Defendants was an agent or
19 employee of his/her Co-Defendants and in doing the things alleged in this Complaint, was acting
20 within the course, scope and authority of said relationship with the permission and consent of his/her
21 Co-Defendants, except where specifically alleged otherwise.

22 8.  The tortious acts and omissions alleged herein were performed by management level
23 employees of the business, and said acts were committed, authorized, encouraged or ratified by upper
24 level managerial employees of the business, so as to render said business organization liable for
25 punitive damages herein. The employer further demonstrated their willingness to encourage,
26 authorize and ratify the illegal conduct of their employees and managers by wilfully failing and
27 refusing to conform their business practices to the legal requirements for maintaining a workplace free
28 from. discrimination and retaliation.

Ex. _A_ Page _7_

2

1    9.    The acts of Defendants were, taken in context, despicable, and conducted with a
2  conscious disregard of Plaintiff's rights and with oppression and malice, so as to justify an imposition
3  of punitive damages in an amount to be shown according to proof at trial.

4    10.    In late 2006, plaintiff was hired as an overnight stock employee.    Plaintiff was
5  employed for several months in this position.    At all times the plaintiff performed his job duties in
6  a satisfactory manner.    His job duties required physical exertion and while working, plaintiff
7  suffered an injury to his back.  Meriwether promptly notified his manager of the injury.  On the date
8  Meriwether was injured, because of this disability, he was given light duty and not required to lift
9  heavy items.  This disability limited his ability to participate in major life activities.  The manager
10  suggested plaintiff take a couple days off to rest which he did.  On several subsequent days, plaintiff
11  called in to keep his employer informed of his injury status.  Plaintiff's disability did not change with
12  rest and he kept the defendants informed of this regularly.

13    11.    On or about Monday, January 22, 2007, plaintiff called in to work and his call was
14  transferred to defendant Broten who was the Human Resource Director.    Broten informed
15  Meriwether that a worker's compensation injury claim had been initiated by Target.    Broten
16  suggested that plaintiff seek diagnosis and treatment from a doctor.  Broten informed plaintiff that
17  response to the worker's compensation claim should be coming from the district office within the next
18  few days.  Plaintiff requested some additional injury time off and medical treatment, which Broten
19  initially stated would not be a problem.    At all times Target and Broten were aware of plaintiff's
20  disability status and his need for accommodation of his injury and the accompanying physical
21  limitations.

22    12.    In reality, defendants Broten and Target planned to retaliate against Meriwether because
23  of his disability and for asserting his legal right to receive medical care and for seeking reasonable
24  accommodation of his disability.  Broten and the plaintiff remained in close communication over the
25  next several days, and at all times the defendants knew the plaintiff's exact status.

26    13.    On or about January 26, 2007, the defendants finally permitted plaintiff to see a doctor.
27  The doctor gave plaintiff a medical excuse to be off work for a few more days.  Plaintiff again spoke
28  to Target management who acknowledged the fact that plaintiff was unable to perform all his work

1  tasks and that he would be off work for a couple more days.

2    14.    On January 31, 2007, Meriwether, as usual, called in to defendant Broten who requested
3  that Meriwether report in to work.    Meriwether reminded Broten that he had limited duty due to his
4  disability.  Broten told Meriwether to come to work and discuss this with him in person.

5    15.    The plaintiff complied with this direction from his employer and reported to work on
6  January 31, 2007.    When he arrived at work, Meriwether reported to Broten who then informed him
7  that he was terminated from employment.    Plaintiff protested that he had done nothing wrong, yet
8  Broten falsely claimed that Meriwether had abandoned his job.

9    16.    At all times, the plaintiff was able, willing and available to perform job duties that did
10 not require heavy lifting.    The defendants refused to engage in an interactive process with the
11 plaintiff to achieve a reasonable accommodation of his disability.  At no time did the defendants have
12 in place a policy which acted to prevent such discrimination.

13   17.    Plaintiff has filed a charge of discrimination and retaliation with the California
14 Department of Fair Employment and Housing ("DFEH") and with the United States Equal
15 Employment Opportunity Commission and will receive a "right-to-sue" letter entitling him to bring
16 a private civil action against Defendants pursuant to Government Code §12900 et seq.

17   18.    As a result of Defendants' misconduct as alleged above, Plaintiff has suffered emotional
18 and mental distress and lost wages and benefits all to his detriment in an amount to be proven at trial.
19 Plaintiff will seek punitive damages, and attorneys fees and costs pursuant to Government Code
20 §12965.

### FIRST CAUSE OF ACTION

**Violation of Government Code §12940(a);   Disability Discrimination**

**(Against All Business Entity Defendants)**

24   19.    Plaintiff hereby incorporates by reference each and every allegation contained in
25 paragraphs 1 through 18 above.

26   20.    Plaintiff, at all relevant times, had the right to work in an environment free of
27 employment discrimination on the basis of disability or a perceived disability.

28 ///

4

Ex. _A_ Page _9_

21.    In the State of California, the legislature has enacted Government Code §12940(a) which forbids discrimination on the basis of disability.    Defendant Target Corporation was, and remains, subject to the Fair Employment & Housing Act, Gov. Code §12900 et seq.

22.    When plaintiff made his disability known to the defendants and sought reasonable accommodation and medical treatment, the plaintiff was shortly terminated from employment on a shallow pretext.

23. .    Defendants' conduct, as set forth and alleged herein, constitutes an intentional violation of Government Code §12900 et seq. which guarantees an employee the right to work free from discrimination and retaliation.

24.    As a result of defendants' actions, plaintiff has suffered, substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial.  Plaintiff is further entitled to injunctive relief and attorney's fees and costs of suit pursuant to Government Code §12965.

25.    In doing the acts herein alleged, defendants acted with malice and oppression, and with a conscious disregard of plaintiff's rights, and plaintiff is entitled to exemplary and punitive damages from the defendants in an amount sufficient to punish defendants and to deter such wrongful conduct in the future.

## SECOND CAUSE OF ACTION

### Retaliation in Violation of Government Code Section 12940(h)

### (Against All Defendants)

26.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through above 25.

27.    In the State of California, the legislature has enacted Government Code Section 12940(h) which forbids retaliation against any employee opposing any practices forbidden under this section.  When Plaintiff asserted his legal rights and sought to maintain his employment with reasonable accommodation, plaintiff suffered retaliation by defendant Broten and defendant Target Corporation as alleged herein.  Plaintiff is informed and believes and thereon alleges that Broten intentionally planned and coordinated the intentional retaliation against the plaintiff

5

Ex. A Page 10

28.    The foregoing representative conduct by the defendants constitutes retaliation in violation of Government Code §12940(h).

29.    As a result of defendants' actions, plaintiff has suffered substantial losses in earnings and employment benefits and emotional and mental anguish in an amount to be determined according to proof at trial.  Plaintiff is further entitled to injunctive relief and attorney's fees and costs of suit pursuant to Government Code Section 12965.

30.    In doing the acts herein alleged, defendants acted with malice and oppression and with a conscious disregard for plaintiff's rights, and plaintiff is entitled to exemplary and punitive damages from the defendants in an amount sufficient to punish defendants and to deter such wrongful conduct in the future.

## THIRD CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against All Business Entity Defendants)

31.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through above 30.

32.    Within the State of California there exists a substantial and fundamental public policy, set forth in the California Government Code §12900 et seq., which forbids discrimination, retaliation, aiding and abetting discrimination and which sets forth legal duties of the employer to prevent discrimination and to engage in an interactive process and to reasonably accommodate disabled workers.    Labor Code §132a further provides a public policy prohibiting retaliation against an employee suffering a disability.

33.    As a proximate result of Defendants' violation of the Labor Code and Government Codes, and Plaintiff's protests and resistance thereof and requests for accommodation, Plaintiff was discharged from his position of employment  in violation of the public policy of the State of California.

34.    As a result of Defendants' actions, Plaintiff has suffered substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial.

6

Ex. A  Page 11

Complaint For Damages

35.    In doing the acts herein alleged, Defendants acted with malice and oppression, and with a conscious disregard of Plaintiff's rights, and Plaintiff is entitled to exemplary and punitive damages from the Defendants in an amount sufficient to punish Defendants and to deter such wrongful conduct in the future.

### FOURTH CAUSE OF ACTION

### Violation of Labor Code §132a; Retaliation and Discrimination

### (Against all business entity defendants)

36.    Plaintiff hereby incorporates by reference paragraphs 1 through 35, inclusive, as though fully set forth herein.

37.    California Labor Code §132a expressly prohibits any actions by an employer to discharge, or threaten to discharge, retaliate, or in any manner discriminate against an employee who has filed or made known their intention to file a claim for workers compensation benefits.

38.    During the course of plaintiff's employment with defendants, plaintiff made known to defendants' management the intention to file a claim for workers' compensation benefits regarding the injuries sustained at work.

39.    As a result of plaintiff making known the intention to file a claim for workers compensation benefits, defendants retaliated and discriminated against plaintiff.  Plaintiff was eventually discharged from employment due to  requests to file a claim.

40.    As a result of Defendants' actions, Plaintiff has suffered substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial.  Plaintiff specifically seeks only those damages and remedies allowed pursuant to Labor Code §132a for this cause of action only, which are $10,000, $250, reinstatement and lost wages.

41.    In doing the acts herein alleged, Defendants acted with malice and oppression, and with a conscious disregard of Plaintiff's rights, and Plaintiff is entitled to exemplary and punitive damages from the Defendants in an amount sufficient to punish Defendants and to deter such wrongful conduct in the future.

///

///

Ex. A  Page 12

7

Complaint For Damages

# FIFTH CAUSE OF ACTION

## Violation of Government Code §12940(k); Failure to Prevent Discrimination

### (Against the Business Entity Defendants)

42.     Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 41 above.

43.     In the State of California, the legislature has enacted Government Code §12940(k) which imposes several affirmative duties upon the employer, including taking all reasonable steps to prevent discrimination from occurring.   [Government Code §12940(k)]

44.     The defendant employer failed to have a legitimate policy to prevent discrimination and failed to take any reasonable steps necessary to prevent discrimination from occurring.  Any policy defendant may; have had was merely paper "window dressing" to present an illusion of legal compliance. In reality, it had no effect.   No reasonable preventive measures were in place.  As a result, defendant Broten felt free to engage in a plan to retaliate against plaintiff and to participate in the retaliatory, discriminatory termination.

45.     The foregoing conduct by the defendants constitutes a violation of Government Code §12940(k).

46.     As a result of defendants' actions, plaintiff has suffered, substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial.  Plaintiff is further entitled to injunctive relief and attorney's fees and costs of suit pursuant to Government Code §12965.

47.     In doing the acts herein alleged, defendants acted with malice and oppression, and with a conscious disregard of plaintiff's rights, and plaintiff is entitled to exemplary and punitive damages from the defendant in an amount sufficient to punish defendants and to deter such wrongful conduct in the future.

///

///

///

///

Ex. A Page 13

8

# SIXTH CAUSE OF ACTION

## Violation of Government Code §12940(m) Failure to Accommodate

### (Against All Business Entity Defendants )

48.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 47.

49.    In the State of California, the legislature has enacted Government Code §12940(m) which imposes several affirmative duties upon the employer to reasonably accommodate a disabled employee.

50.    The defendant employer refused to make any effort whatsoever to make reasonable accommodations for the plaintiff once he became disabled.  The foregoing conduct by the defendants constitutes a violation of Government Code §12940(m) for failure to reasonable accommodate a disabled employee.

51.    As a result of defendants' actions, plaintiff has suffered, substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial.  Plaintiff is further entitled to injunctive relief and attorney's fees and costs of suit pursuant to Government Code §12965.

52.    In doing the acts herein alleged, defendants acted with malice and oppression, and with a conscious disregard of plaintiff's rights, and plaintiff is entitled to exemplary and punitive damages from the defendants in an amount sufficient to punish defendants and to deter such wrongful conduct.

# SEVENTH CAUSE OF ACTION

## Violation of Government Code §12940(n) Failure to Engage in Interactive Process

### (Against All Business Entity Defendants )

53.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 52.

54.    In the State of California, the legislature has enacted Government Code §12940(n) which imposes several affirmative duties upon the employer to reasonably accommodate a disabled employee by engaging in an interactive process with a disabled employee.

///

Ex. A Page 14

9

Complaint For Damages

55. The defendant employer refused to make any effort whatsoever to engage in an interactive process to seek reasonable accommodations for the plaintiff once he became disabled. The foregoing conduct by the defendants constitutes a violation of Government Code §12940(n) for failure to engage in an interactive process to seek reasonable accommodation for a disabled employee.

56. As a result of defendants' actions, plaintiff has suffered, substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial. Plaintiff is further entitled to injunctive relief and attorney's fees and costs of suit pursuant to Government Code §12965.

57. In doing the acts herein alleged, defendants acted with malice and oppression, and with a conscious disregard of plaintiff's rights, and plaintiff is entitled to exemplary and punitive damages from the defendants in an amount sufficient to punish defendants and to deter such wrongful conduct.

## EIGHTH CAUSE OF ACTION

### Violation of Government Code §12940(i); Aiding, Abetting, Inciting Discrimination

### (Against All Defendants )

58. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 57.

59. In the State of California, the legislature has enacted Government Code §12940(i) which imposes several affirmative duties upon the employer and its agents, managers and Human Resource staff not to aid, abet, incite, compel or coerce any acts of discrimination.

60. The foregoing alleged misconduct constitutes an intentional plan by all defendants to violate Government Code §12940(i) to aid, abet, incite, compel or coerce acts of discrimination toward the plaintiff.

61. As a result of defendants' actions, plaintiff has suffered, substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial. Plaintiff is further entitled to injunctive relief and attorney's fees and costs of suit pursuant to Government Code §12965.

62. In doing the acts herein alleged, defendants acted with malice and oppression, and with a conscious disregard of plaintiff's rights, and plaintiff is entitled to exemplary and punitive damages

Ex. A  Page 15

1 | from the defendants in an amount sufficient to punish defendants and to deter such wrongful conduct.

2 |     **WHEREFORE,** Plaintiff prays for judgment against the Defendant as follows:

3 | On Causes of Action One, Two, Three, Fifth, Sixth, Seventh and Eighth:

4 |     **(1)**  For compensatory and incidental damages, including but not limited to lost wages,

5 | employee benefits, emotional distress, and other special and general damages according to proof;

6 |     **(2)**  For an award of exemplary and punitive damages sufficient to punish the Defendant and

7 | deter such future conduct in an amount commensurate with each Defendant's ability to pay, which will

8 | be shown at trial;

9 |     **(3)**  For an award of interest, including prejudgment interest, at the legal rate;

10 |     **(4)**  For an award of attorneys fees and costs incurred herein pursuant to Government Code

11 | §12965, [however attorneys fees are not sought for the Third Cause of Action for Wrongful

12 | Termination];

13 |     **(5)**  For such further relief, in law or in equity, as this court deems just and proper; and

14 | On the Fourth Cause of Action:

15 |     **(6)**  Plaintiff specifically seeks only those damages and remedies allowed pursuant to Labor

16 | Code §132a for this cause of action only, which are $10,000, $250, reinstatement and lost wages.

17 | Date:   January 30, 2008                    **LAW OFFICE OF DAVID A. MILLER**

18 |                                             By _____

19 |                                                David A. Miller, Esq.
                                                   Attorney for Plaintiff

Ex. **A** Page **16**

**Complaint For Damages**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David A. Miller, Esq. (#140805)<br>Law Office of David A. Miller<br>555 West Beech Street, Ste 413<br>San Diego, CA 92101<br><br>TELEPHONE NO.: 619-238-8015    FAX NO. (Optional): 619-238-8015<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff Ethan Meriwether | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

PLAINTIFF/PETITIONER: Ethan Meriwether

DEFENDANT/RESPONDENT: Target Corporation, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2008-00077087 |
|---|---|

TO (insert name of party being served): Target Corporation

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 1, 2008

David A. Miller
(TYPE OR PRINT NAME)

▶ _(signature)_

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):

Civil Case Cover Sheet, Notice of Case Assignment, Notice to Litigants/ADR Information Package, Stipulation to ADR Process.

(To be completed by recipient):

Date this form is signed: 2/21/08

Krista M. Cabrera, Esq.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _(signature)_

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
| | | American LegalNet, Inc.<br>www.USCourtForms.com |

Ex. B Page 17

Exhibit C

1  LAW OFFICE OF DAVID A. MILLER
   David A. Miller, Esq. #140805
2  555 West Beech Street, Suite 413
   San Diego, CA 92101
3  (619) 238-8015

4  Attorney for Plaintiff

5

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SAN DIEGO

10

11  ETHAN MERIWETHER,                )    Case No. 37-2008-00077087-CU-WT-CTL
                        Plaintiff,   )
12                                   )    **SECOND AMENDED COMPLAINT**
    V.                               )
13                                   )    1.    Violation of Government Code §12940;
    TARGET CORPORATION;              )          Disability Discrimination
14  and DOES 1through 10, inclusive, )    2.    Violation of Government Code §12940;
                        Defendants   )          Retaliation
15                                   )    3.    Wrongful Termination in Violation of
                                     )          Public Policy
16  ─────────────────────────────── )    4.    Violation of Labor Code §132a;
                                            Retaliation
17                                       5.    Violation of Government Code §12940;
                                               Failure to Prevent
18                                       6.    Violation of Government Code §12940;
                                               Failure to Accommodate
19                                       7.    Violation of Government Code §12940;
20                                             Failure to Engage in Interactive Process

21        1.      Plaintiff, Ethan Merriweather, hereinafter referred to as "Meriwether " or "plaintiff",

22  is, and at all times relevant was, a resident of, and employed within, San Diego County and within the

23  jurisdiction of the court.   Plaintiff was employed by the defendant business entities named and sued

24  herein.

25        2.      Defendants, Target Corporation, hereinafter collectively referred to as "Target" or

26  "defendant", is, and at all times relevant was, a business organization believed to be a corporation

27  subject to the California Fair Employment & Housing Act, and conducting business within San Diego

28  County, and was the employer of plaintiff.

                                        1

                                                        Ex. _C_ Page _18_

1    3.    Plaintiff is unaware of the true names and capacities of Defendants sued herein as

2  DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff

3  will seek leave of this Court to amend this Complaint to allege the true names and capacities when

4  ascertained. Plaintiff is informed and believes and thereon alleges that each said fictitiously named

5  Defendant is responsible in some manner for the occurrences herein alleged, and is liable to Plaintiff

6  for the injuries and damages as herein alleged.

7    4.    Plaintiff is informed and believes and thereon alleges that the aforementioned DOES

8  are somehow responsible for the acts alleged herein as the agents, employers, representatives,

9  subsidiaries, parent organizations or employees of other named Defendants, and in doing the acts

10  alleged herein were acting within the scope of their agency, employment or representative capacity

11  of said named Defendants, or of each other.

12    5.    In the course of the acts and events described in this Complaint, the Defendants,

13  including DOE Defendants, agreed upon or ratified the acts which damaged Plaintiff.

14    6.    At the times mentioned in this Complaint, each of the Defendants was an agent or

15  employee of his/her Co-Defendants and in doing the things alleged in this Complaint, was acting

16  within the course, scope and authority of said relationship with the permission and consent of his/her

17  Co-Defendants, except where specifically alleged otherwise.

18    7.    The tortious acts and omissions alleged herein were performed by management level

19  employees of the business, and said acts were committed, authorized, encouraged or ratified by upper

20  level managerial employees of the business, so as to render said business organization liable for

21  punitive damages herein.  The employer further demonstrated their willingness to encourage,

22  authorize and ratify the illegal conduct of their employees and managers by wilfully failing and

23  refusing to conform their business practices to the legal requirements for maintaining a workplace free

24  from. discrimination and retaliation.

25    8.    The acts of Defendants were, taken in context, despicable, and conducted with a

26  conscious disregard of Plaintiff's rights and with oppression and malice, so as to justify an imposition

27  of punitive damages in an amount to be shown according to proof at trial.

28  ///

Ex. C Page 19

2

9.    In late 2006, plaintiff was hired as an overnight stock employee.    Plaintiff was employed for several months in this position.    At all times the plaintiff performed his job duties in a satisfactory manner.    His job duties required physical exertion and while working, plaintiff suffered an injury to his back.    Meriwether promptly notified his manager of the injury.    On the date Meriwether was injured, because of this disability, he was given light duty and not required to lift heavy items.    This disability limited his ability to participate in major life activities.    The manager suggested plaintiff take a couple days off to rest which he did.    On several subsequent days, plaintiff called in to keep his employer informed of his injury status.    Plaintiff's disability did not change with rest and he kept the defendants informed of this regularly.

10.    On or about Monday, January 22, 2007, plaintiff called in to work and his call was transferred to the Human Resource Director, (HR).    HR informed Meriwether that a worker's compensation injury claim had been initiated by Target. HR suggested that plaintiff seek diagnosis and treatment from a doctor.  HR informed plaintiff that response to the worker's compensation claim should be coming from the district office within the next few days.    Plaintiff requested some additional injury time off and medical treatment, which HR initially stated would not be a problem.    At all times Target and HR were aware of plaintiff's disability status and his need for accommodation of his injury and the accompanying physical limitations.

11.    In reality, defendants HR and Target planned to retaliate against Meriwether because of his disability and for asserting his legal right to receive medical care and for seeking reasonable accommodation of his disability.  HR and the plaintiff remained in close communication over the next several days, and at all times the defendants knew the plaintiff's exact status.

12.    On or about January 26, 2007, the defendants finally permitted plaintiff to see a doctor. The doctor gave plaintiff a medical excuse to be off work for a few more days.  Plaintiff again spoke to Target management who acknowledged the fact that plaintiff was unable to perform all his work tasks and that he would be off work for a couple more days.

13.    On January 31, 2007, Meriwether, as usual, called in to HR who requested that Meriwether report in to work.    Meriwether reminded HR that he had limited duty due to his disability.  HR told Meriwether to come to work and discuss this with him in person.

3

Ex. C Page 20

14.    The plaintiff complied with this direction from his employer and reported to work on January 31, 2007.  When he arrived at work, Meriwether reported to HR who then informed him that he was terminated from employment.  Plaintiff protested that he had done nothing wrong, yet HR falsely claimed that Meriwether had abandoned his job.

15.    At all times, the plaintiff was able, willing and available to perform job duties that did not require heavy lifting.    The defendants refused to engage in an interactive process with the plaintiff to achieve a reasonable accommodation of his disability.  At no time did the defendants have in place a policy which acted to prevent such discrimination.

16.    Plaintiff has filed a charge of discrimination and retaliation with the California Department of Fair Employment and Housing ("DFEH") and with the United States Equal Employment Opportunity Commission and has received a "right-to-sue" letter entitling him to bring a private civil action against Defendants pursuant to Government Code §12900 et seq.

17.    As a result of Defendants' misconduct as alleged above, Plaintiff has suffered emotional and mental distress and lost wages and benefits all to his detriment in an amount to be proven at trial. Plaintiff will seek punitive damages, and attorneys fees and costs pursuant to Government Code §12965.

### FIRST CAUSE OF ACTION

### Violation of Government Code §12940(a);   Disability Discrimination

### (Against All Business Entity Defendants)

18.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 17 above.

19.    Plaintiff, at all relevant times, had the right to work in an environment free of employment discrimination on the basis of disability or a perceived disability.

20.    In the State of California, the legislature has enacted Government Code §12940(a) which forbids discrimination on the basis of disability.   Defendant Target Corporation was, and remains, subject to the Fair Employment & Housing Act, Gov. Code §12900 et seq.

21.    When plaintiff made his disability known to the defendants and sought reasonable accommodation and medical treatment, the plaintiff was shortly terminated from employment on a

4

Ex. _C_ Page _21_

1  shallow pretext.

2      22.    Defendants' conduct, as set forth and alleged herein, constitutes an intentional violation

3  of Government Code §12900 et seq. which guarantees an employee the right to work free from

4  discrimination and retaliation.

5      23.    As a result of defendants' actions, plaintiff has suffered, substantial losses in earnings

6  and employment benefits and emotional distress in an amount to be determined according to proof

7  at trial.  Plaintiff is further entitled to injunctive relief and attorney's fees and costs of suit pursuant

8  to Government Code §12965.

9      24.    In doing the acts herein alleged, defendants acted with malice and oppression, and with

10  a conscious disregard of plaintiff's rights, and plaintiff is entitled to exemplary and punitive damages

11  from the defendants in an amount sufficient to punish defendants and to deter such wrongful conduct

12  in the future.

13  **SECOND CAUSE OF ACTION**

14  **Retaliation in Violation of Government Code Section 12940(h)**

15  **(Against All Business Entity Defendants)**

16      25.    Plaintiff hereby incorporates by reference each and every allegation contained in

17  paragraphs 1 through above 24.

18      26.    In the State of California, the legislature has enacted Government Code Section

19  12940(h) which forbids retaliation against any employee opposing any practices forbidden under this

20  section.  When Plaintiff asserted his legal rights and sought to maintain his employment with

21  reasonable accommodation, plaintiff suffered retaliation by HR and defendant Target Corporation as

22  alleged herein.  Plaintiff is informed and believes and thereon alleges that HR intentionally planned

23  and coordinated the intentional retaliation against the plaintiff

24      27.    The foregoing representative conduct by the defendants constitutes retaliation in

25  violation of Government Code §12940(h).

26      28.    As a result of defendants' actions, plaintiff has suffered substantial losses in earnings

27  and employment benefits and emotional and mental anguish in an amount to be determined according

28  to proof at trial.  Plaintiff is further entitled to injunctive relief and attorney's fees and costs of suit

5

Ex. C Page 22

1  pursuant to Government Code Section 12965.

2      29.    In doing the acts herein alleged, defendants acted with malice and oppression and with

3  a conscious disregard for plaintiff's rights, and plaintiff is entitled to exemplary and punitive damages

4  from the defendants in an amount sufficient to punish defendants and to deter such wrongful conduct

5  in the future.

### THIRD CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against All Business Entity Defendants)

9      30.    Plaintiff hereby incorporates by reference each and every allegation contained in

10  paragraphs 1 through above 29.

11      31.    Within the State of California there exists a substantial and fundamental public policy,

12  set forth in the California Government Code §12900 et seq., which forbids discrimination, retaliation,

13  aiding and abetting discrimination and which sets forth legal duties of the employer to prevent

14  discrimination and to engage in an interactive process and to reasonably accommodate disabled

15  workers.    Labor Code §132a further provides a public policy prohibiting retaliation against an

16  employee suffering a disability.

17      32.    As a proximate result of Defendants' violation of the Labor Code and Government

18  Codes, and Plaintiff's protests and resistance thereof and requests for accommodation, Plaintiff was

19  discharged from his position of employment   in violation of the public policy of the State of

20  California.

21      33.    As a result of Defendants' actions, Plaintiff has suffered substantial losses in earnings

22  and employment benefits and emotional distress in an amount to be determined according to proof

23  at trial.

24      34.    In doing the acts herein alleged, Defendants acted with malice and oppression, and with

25  a conscious disregard of Plaintiff's rights, and Plaintiff is entitled to exemplary and punitive damages

26  from the Defendants in an amount sufficient to punish Defendants and to deter such wrongful conduct

27  in the future.

28  ///

Ex. _C_ Page _23_

Second Amended Complaint For Damages

## FOURTH CAUSE OF ACTION

### Violation of Labor Code §132a; Retaliation and Discrimination

### (Against all business entity defendants)

35.    Plaintiff hereby incorporates by reference paragraphs 1 through 34, inclusive, as though fully set forth herein.

36.    California Labor Code §132a expressly prohibits any actions by an employer to discharge, or threaten to discharge, retaliate, or in any manner discriminate against an employee who has filed or made known their intention to file a claim for workers compensation benefits.

37.    During the course of plaintiff's employment with defendants, plaintiff made known to defendants' management the intention to file a claim for workers' compensation benefits regarding the injuries sustained at work.

38.    As a result of plaintiff making known the intention to file a claim for workers compensation benefits, defendants retaliated and discriminated against plaintiff. Plaintiff was eventually discharged from employment due to   requests to file a claim.

39.    As a result of Defendants' actions, Plaintiff has suffered substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial. Plaintiff specifically seeks only those damages and remedies allowed pursuant to Labor Code §132a for this cause of action only, which are $10,000, $250, reinstatement and lost wages.

40.    In doing the acts herein alleged, Defendants acted with malice and oppression, and with a conscious disregard of Plaintiff's rights, and Plaintiff is entitled to exemplary and punitive damages from the Defendants in an amount sufficient to punish Defendants and to deter such wrongful conduct in the future.

## FIFTH CAUSE OF ACTION

### Violation of Government Code §12940(k); Failure to Prevent Discrimination

### (Against the Business Entity Defendants)

41.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 40 above.

///

Ex. C  Page 24

Second Amended Complaint For Damages

42.   In the State of California, the legislature has enacted Government Code §12940(k) which imposes several affirmative duties upon the employer, including taking all reasonable steps to prevent discrimination from occurring.   [Government Code §12940(k)]

43.   The defendant employer failed to have a legitimate policy to prevent discrimination and failed to take any reasonable steps necessary to prevent discrimination from occurring.  Any policy defendant may; have had was merely paper "window dressing" to present an illusion of legal compliance.  In reality, it had no effect.   No reasonable preventive measures were in place.   As a result, HR and the defendant Target felt free to engage in a plan to retaliate against plaintiff and to participate in the retaliatory, discriminatory termination.

44.   The foregoing conduct by the defendants constitutes a violation of Government Code §12940(k).

45.   As a result of defendants' actions, plaintiff has suffered, substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial.  Plaintiff is further entitled to injunctive relief and attorney's fees and costs of suit pursuant to Government Code §12965.

46.   In doing the acts herein alleged, defendants acted with malice and oppression, and with a conscious disregard of plaintiff's rights, and plaintiff is entitled to exemplary and punitive damages from the defendant in an amount sufficient to punish defendants and to deter such wrongful conduct in the future.

## SIXTH CAUSE OF ACTION

### Violation of Government Code §12940(m) Failure to Accommodate

### (Against All Business Entity Defendants )

47.   Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 46.

48.   In the State of California, the legislature has enacted Government Code §12940(m) which imposes several affirmative duties upon the employer to reasonably accommodate a disabled employee.

///

Ex. C  Page 25

8

Second Amended Complaint For Damages

49.    The defendant employer refused to make any effort whatsoever to make reasonable accommodations for the plaintiff once he became disabled. The foregoing conduct by the defendants constitutes a violation of Government Code §12940(m) for failure to reasonable accommodate a disabled employee.

50.    As a result of defendants' actions, plaintiff has suffered, substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial. Plaintiff is further entitled to injunctive relief and attorney's fees and costs of suit pursuant to Government Code §12965.

51.    In doing the acts herein alleged, defendants acted with malice and oppression, and with a conscious disregard of plaintiff's rights, and plaintiff is entitled to exemplary and punitive damages from the defendants in an amount sufficient to punish defendants and to deter such wrongful conduct.

## SEVENTH CAUSE OF ACTION

### Violation of Government Code §12940(n) Failure to Engage in Interactive Process

### (Against All Business Entity Defendants )

52.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 51.

53.    In the State of California, the legislature has enacted Government Code §12940(n) which imposes several affirmative duties upon the employer to reasonably accommodate a disabled employee by engaging in an interactive process with a disabled employee.

54.    The defendant employer refused to make any effort whatsoever to engage in an interactive process to seek reasonable accommodations for the plaintiff once he became disabled. The foregoing conduct by the defendants constitutes a violation of Government Code §12940(n) for failure to engage in an interactive process to seek reasonable accommodation for a disabled employee.

55.    As a result of defendants' actions, plaintiff has suffered, substantial losses in earnings and employment benefits and emotional distress in an amount to be determined according to proof at trial. Plaintiff is further entitled to injunctive relief and attorney's fees and costs of suit pursuant to Government Code §12965.

///

Ex. C Page 26

9

Second Amended Complaint For Damages

56.    In doing the acts herein alleged, defendants acted with malice and oppression, and with a conscious disregard of plaintiff's rights, and plaintiff is entitled to exemplary and punitive damages from the defendants in an amount sufficient to punish defendants and to deter such wrongful conduct.

**WHEREFORE,** Plaintiff prays for judgment against the Defendant(s) as follows:

On Causes of Action First, Second, Third, Fifth, Sixth, Seventh:

**(1)**  For compensatory and incidental damages, including but not limited to lost wages, employee benefits, emotional distress, and other special and general damages according to proof;

**(2)**  For an award of exemplary and punitive damages sufficient to punish the Defendant and deter such future conduct in an amount commensurate with each Defendant's ability to pay, which will be shown at trial;

**(3)**  For an award of interest, including prejudgment interest, at the legal rate;

**(4)**  For an award of attorneys fees and costs incurred herein pursuant to Government Code §12965, [however attorneys fees are not sought for the Third Cause of Action for Wrongful Termination];

**(5)**  For such further relief, in law or in equity, as this court deems just and proper; and

On the Fourth Cause of Action:

**(6)**  Plaintiff specifically seeks only those damages and remedies allowed pursuant to Labor Code §132a for this cause of action only, which are $10,000, $250, reinstatement and lost wages.

Date:  March 13, 2008

LAW OFFICE OF DAVID A. MILLER

By _____

David A. Miller, Esq.
Attorney for Plaintiff

Ex. C Page 21

10

Second Amended Complaint For Damages

| UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA | | COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED) Meriwether v. Target Corporation | | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): CLAUDETTE G. WILSON (110076) KRISTA M. CABRERA (190595) **WILSON PETTY KOSMO & TURNER LLP** 550 West C Street, Suite 1050 San Diego, CA 92101 | TELEPHONE NO.: Tel. (619) 236-9600 Fax: (619) 236-9669 | |
| ATTORNEYS FOR: Defendant, TARGET CORPORATION | HEARING DATE – TIME | CASE NUMBER: |

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is Wilson Petty Kosmo & Turner LLP, 550 West C Street, Suite 1050, San Diego, CA 92101.

On March 24, 2008, I served the following documents:

1. NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(A) (DIVERSITY)
2. CIVIL COVER SHEET

I served the documents on the person below, as follows:

> David A. Miller, Esq.
> Law Offices of David A. Miller
> 555 West Beech St., Ste. 413
> San Diego, CA 92101
> Tel: 619-238-8015
> Fax: 619-238-1447
> *Attorney for Plaintiff, Ethan Meriwether*

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By Electronic Service.** I served the above listed document(s), described above via the Southern District of the United States District Court's Electronic Filing Program on the designated recipients through electronic transmission through the CM/ECF system on the Court's website. Upon completion of said transmission and filing of said documents, a certified receipt is issued to filing party acknowledging receipt by the Court's CM/ECF system, and once all designated recipients are electronically served, proof of electronic service is returned to the filing party.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 24, 2008, at San Diego, California.

_____
Tracey Cornish

lpos

PROOF OF SERVICE

WILSON PETTY KOSMO & TURNER LLP
CLAUDETTE G. WILSON (110076)
KRISTA M. CABRERA (190595)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669

Attorneys for Defendant
TARGET CORPORATION

FILED
CIVIL BUSINESS OFFICE 7
CENTRAL DIVISION

08 MAR 24  PM 3: 47

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| ETHAN MERIWETHER,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION; KIRK BROTEN;<br>and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 37-2008-00077087-CU-WT-CTL<br><br>**DEFENDANT TARGET<br>CORPORATION'S AMENDED<br>ANSWER TO PLAINTIFF'S SECOND<br>AMENDED COMPLAINT**<br><br>Complaint Filed: January 30, 2008<br><br>Dept.:    C-73<br>Judge:    Hon. Steven R. Denton<br>Trial Date: Not Set |

Defendant TARGET CORPORATION ("Defendant") hereby answers the Second Amended

Complaint ("SAC") of Plaintiff Ethan Meriwether ("Plaintiff") on file herein as follows:

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30, subdivision (d), Defendant generally

denies each and every allegation in each and every paragraph and cause of action in Plaintiff's

unverified SAC, denies that Plaintiff was injured or has suffered damages in any sum and further

denies that Plaintiff is entitled to the relief claimed, or any relief, on the grounds alleged or

otherwise.

Ex. D Page 28

1

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint, and each and every count or cause of action therein, fails to state facts sufficient to constitute any claim or cause of action against Defendant.

2.     Defendant is informed and believes that all of Plaintiff's claims or causes of action may be barred by the applicable statutes of limitations, including, without limitation, Code of Civil Procedure sections 335.1, 337, 338, 339, 340, and 343, and Government Code section 12900 et seq.

3.     Defendant did not authorize, ratify, acquiesce in, have knowledge of, have reason to know of, approve, participate in, or direct action by any person or entities, constituting unlawful conduct toward Plaintiff, whether as alleged or otherwise.

4.     Plaintiff is estopped by his conduct from recovering any relief by his Complaint, or any purported claim or cause of action alleged therein.

5.     Any recovery on Plaintiff's Complaint or any purported claim or cause of action alleged therein is barred because the term of employment of Plaintiff was unspecified and therefore terminable at-will, with or without cause.

6.     Without admitting the allegations of the complaint, Defendant alleges that Plaintiff was terminated for just cause and business reasons.

7.     By his conduct, Plaintiff has waived any right to recover any relief sought in his Complaint, or any purported claim or cause of action alleged therein.

8.     Any recovery on Plaintiff's Complaint, or any claim or purported cause of action alleged therein, is barred because the disputed conduct was privileged and/or justified, including, without limitation, under California Civil Code section 47.

9.     Decisions made regarding Plaintiff's employment were made in the exercise of proper managerial discretion and in good faith based on legitimate reasons.

10.     Regarding Plaintiff's first, second, fifth, sixth and seventh causes of action, Defendant is informed and believes that Plaintiff's causes of action are barred by Plaintiff's failure to timely exhaust his administrative remedies for such claims, including those provided by the DFEH or under the California Fair Employment and Housing Act.

Ex. _O_ Page _29_

DEFENDANT TARGET CORPORATION'S AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

11. Defendant alleges that Plaintiff's claims under the California Fair Employment and Housing Act may not be maintained to the extent they exceed or differ from the allegations of an administrative charge filed with the appropriate administrative agency.

12. Defendant is informed and believes that regarding Plaintiff's sixth cause of action, Defendant was not required to make the requisite accommodation because it would have caused an undue hardship.

13. Defendant is informed and believes Plaintiff was unable to perform the essential functions of the job.

14. In the event that Plaintiff proves any wrongful acts by Defendant, the adverse employment decision about which Plaintiff complains would have been the same even if the alleged wrongful motive played no role.

15. Defendant is informed and believes and thereon alleges that it has performed and fully discharged any and all obligations and legal duties to Plaintiff pertinent to the matters alleged in Plaintiff's Complaint on file herein.

16. Defendant exercised reasonable care to prevent and promptly investigate any alleged harassing or discriminatory behavior in the workplace. Defendant is informed and believes, and on that basis alleges, that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant to avoid harm otherwise. By reason of the foregoing, Plaintiff is barred, in whole or in part, from recovery on the alleged causes of action in the Complaint.

17. Defendant is informed and believes that this action may be barred and/or Defendant's liability may be limited by after-acquired evidence of Plaintiff's misconduct.

18. Without admitting the allegations contained in the Complaint, if Plaintiff suffered any loss or damage, such loss or damage was proximately caused, at least in part, by Plaintiff's own failure to mitigate against his alleged damages, and therefore, Plaintiff's claims must be reduced, diminished, or defeated by such amounts as should have been so mitigated.

19. If any loss, injury, damage, or detriment occurred as alleged in the Complaint, the loss, injury, damage, or detriment was caused and contributed to by the actions of Plaintiff, or by other factors outside of Plaintiff's relationship with Defendant. Furthermore, as Plaintiff did not

DEFENDANT TARGET CORPORATION'S AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Ex. D Page 30

1    exercise ordinary care on his own behalf, his own acts and omissions proximately caused and

2    contributed to the loss, injury, damage, or detriment to Plaintiff, and Plaintiff's recovery from

3    Defendant, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or

4    fault.

5        20.    To the extent Plaintiff suffered any symptoms of mental or emotional distress or

6    injury, Defendant is informed and believes they were the result of a pre-existing psychological

7    disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

8        21.    To the extent that Plaintiff's Complaint, or any purported claim or cause of action

9    alleged therein, alleges emotional or physical injury, any recovery is barred by the California

10    Workers' Compensation Act's exclusive remedies.

11        22.    Without admitting any wrongful conduct by Defendant, to the extent any of the

12    claims or causes of action of Plaintiff's Complaint or the damages thereon are based on a loss of

13    employee benefits, those counts are preempted by the Employment Retirement Income Security Act

14    (ERISA), 29 U.S.C. section 1101, et seq.

15        23.    The imposition of punitive damages would violate Defendant's due process and equal

16    protection rights under the United States Constitution.

17        24.    Plaintiff has suffered no cognizable damage or injury as a result of the conduct

18    alleged in the complaint.

19        25.    Regarding all of Plaintiff's causes of action, Defendant's alleged actions are

20    insufficient to sustain the imposition of punitive damages.

21        26.    Plaintiff's fourth cause of action is brought in the wrong forum and belongs before

22    the Workers Compensation Appeals Board.

23        27.    Defendant currently has insufficient information available upon which to form a

24    belief as to whether it has additional, as yet unstated, affirmative defenses available.  Defendant

25    reserves the right to assert additional affirmative defenses in the event discovery indicates it would

26    be appropriate.

27        WHEREFORE, Defendant prays as follows:

28        1.    That Plaintiff takes nothing by his Second Amended Complaint for damages;

4

DEFENDANT TARGET CORPORATION'S AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED
COMPLAINT

Ex. Q Page 31

2.     That Plaintiff's Second Amended Complaint herein be dismissed in its entirely with prejudice;

3.     That judgment be entered against Plaintiff and in favor of Defendant;

4.     That Defendant recovers its costs of suit herein, including reasonable attorneys' fees; and

5.     That the Court award such other and further relief as it deems appropriate.

Dated:     March 24, 2008

**WILSON PETTY KOSMO & TURNER LLP**

By: _____

Claudette G. Wilson
Krista M. Cabrera
Attorneys for Defendant
TARGET CORPORATION

Ex. _0_ Page _32_

5

| SAN DIEGO SUPERIOR COURT, STATE OF CALIFORNIA | | COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED)<br>Meriwether v. Target Corporation, et al. | | *FILED*<br>*CIVIL BUSINESS OFFICE 7*<br>*CENTRAL DIVISION*<br><br>*08 MAR 24 PM 3: 47*<br><br>*CLERK-SUPERIOR COURT*<br>*SAN DIEGO COUNTY, CA* |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):<br>CLAUDETTE G. WILSON (110076)<br>KRISTA M. CABRERA (190595)<br>**WILSON PETTY KOSMO & TURNER LLP**<br>550 West C Street, Suite 1050<br>San Diego, CA 92101 | TELEPHONE NO.<br>Tel. (619) 236-9600<br>Fax: (619) 236-9669 | |
| ATTORNEYS FOR:<br>Defendant, TARGET CORPORATION | HEARING DATE – TIME | CASE NUMBER:<br>37-2008-00077087-CU-WT-CTL |

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is Wilson Petty Kosmo & Turner LLP, 550 West C Street, Suite 1050, San Diego, CA 92101.

On March 24, 2008, I served the following documents:

    1.    DEFENDANT TARGET CORPORATION'S AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

I served the documents on the person below, as follows:

> David A. Miller, Esq.
> Law Offices of David A. Miller
> 555 West Beech St., Ste. 413
> San Diego, CA 92101
> Tel: 619-238-8015
> Fax: 619-238-1447
> *Attorney for Plaintiff, Ethan Meriwether*

☐   **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☒   **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐   **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐   **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on March 24, 2008, at San Diego, California.

*Tracey Cornish*
Tracey Cornish

Ex. *0* Page 33

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 149067    — SH
* * C O P Y * *
March 24, 2008
16:22:26**

**Civ Fil Non-Pris**
USAO #.: 08CV0551
Judge..: LARRY A BURNS
Amount.:                 $350.00 CK
Check#.: BC10020

**Total—>  $350.00**

FROM: MERIWETHER V. TARGET

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Ethan Meriwether

## DEFENDANTS
Target Corporation; and DOES 1 through 10, inclusive

FILED

08 MAR 24 PM 4:27

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY __ DEPUTY

'08 CV 0551 LAB WMC

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of David A. Miller
David A. Miller
555 West Beech Street, Ste. 413
San Diego, CA 92101

Attorneys (If Known)
Wilson Petty Kosmo & Turner
Claudette G. Wilson (110076)/Krista M. Cabrera (190595)
550 West C Street, Suite 1050
San Diego, CA 92101
619.236.9600

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities-Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities-Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another district (specify) | ☐ 6 Multidistrict Litigation |
| ☐ 7 Appeal to District Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC 1441(a)
Brief description of cause: Plaintiff alleges violation of the Fair Employment and Housing Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ __
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE __ DOCKET NUMBER __

DATE
March 24, 2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 14007    AMOUNT $350    APPLYING IFP __    JUDGE __    MAG. JUDGE __

(R    JR    3/24/08